# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>        Plaintiff,<br>vs.<br><br>ANDREA LAVELLE VICKERS,<br><br>        Defendant. | 3:11-cr-063-HRH-JDR<br><br>**PROTECTIVE ORDER**<br>(Docket No. 21) |

        Defendant **Andrea Lavelle Vickers**, by and through counsel Michael D. Dieni, Assistant Federal Defender, and the United States, through government counsel Frank V. Russo, and non-party Municipality of Anchorage, through the Municipal Attorney's Office, move for entry of a stipulated Protective Order governing certain records of the Anchorage Police Department.

        Defendant has requested discovery of confidential, internal Anchorage Police Department policy(ies) and procedure(s), or portions thereof, governing impoundment of vehicle and inventory searches. Considering the particular facts of

this case, and the parties' willingness to stipulate to the strict Protective Order submitted herewith, the Anchorage Police Department waives its objections.

Under Rule 26(c)(1), parties and non-parties may seek entry of a protective order. The parties and the Municipality have stipulated and agreed to entry of the following:

1. The Municipality shall produce to the United States Attorney two copies of the Anchorage Police Department's policy(ies) and procedure(s), or portions thereof, governing impoundment of vehicle and inventory searches, no later than 9/12/2011. The United States Attorney shall be responsible for producing one of those copies to defense counsel.

2. Without a prior written order of this court, the parties may not (a) copy any of the Anchorage Police Department's policy(ies)and procedure(s), or portions thereof, or (b) re-disclose any of the Anchorage Police Department's policy(ies) and procedure(s), or portions thereof, to any person.

3. The parties may not publish the Anchorage Police Department's policy(ies) and procedure(s), or portions thereof, with their motions or pleadings in the ECF (electronic filing) system or in the public file without a prior written order of this court; the Municipal Attorney's Office shall be notified by the parties of any request for any such order. Nothing in this Stipulated Protective Order limits the

parties' rights to seek in camera review of any of the Anchorage Police Department's policy(ies) or procedure(s), or portions thereof.

4. The parties may not publish any of the Anchorage Police Department's policy(ies) and procedure(s), or portions thereof, at trial or other open court proceedings without a prior written order of this court.

5. At the conclusion of this case, each party shall return its copy of the Anchorage Police Department's policy(ies) and procedure(s), or portions thereof, to the Municipal Attorney's Office, Attention: Joyce Weaver Johnson, at P.O. Box 196650, Anchorage, Alaska 99519-6650.

6. Violation of this Stipulated Protective Order, after it has been entered by the court, shall be punishable as a contempt of court.

IT IS SO ORDERED.

DATED this 6th day of September, 2011, at Anchorage, Alaska.

*/s/ John D. Roberts*
JOHN D. ROBERTS
United States Magistrate Judge